### Hartzell v. Dees' Executors.

(Decided February 23, 1926.)

Appeal from Calloway Circuit Court.

1. Evidence—Examples of Handwriting Admissible to Enable Jury to Determine Authenticity of Signature of Note (Ky. Stats., Section 1649).—In view of Ky. Stats., section 1649, in action on note, signature of·which was claimed to be forged, authentic signatures could not only be submitted to witnesses testifying as to authenticity of disputed signature, but might be submitted to jury as evidence.

2. Executors and Administrators—In action on note claimed by executors of purported maker to be forgery, authenticity of signature held for jury.

E. P. PHILLIPS and D. B. SWEENEY for appellant.

COLEMAN & LANCASTER for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Lucy B. Hartzell brought this action against the executors of S. H. Dees to recover on a note for $2,000.00, dated October 18, 1922, and due twelve months after date. The executors filed answer denying that Dees signed or delivered the note and alleging that it was a forgery. The case came on for trial before a jury. They found for the defendants; the plaintiff appeals.

On the trial of the case the plaintiff introduced seven witnesses who were well acquainted with Mr. Dees and his handwriting and testified that the signature to the note, in their judgment, was his genuine signature. The plaintiff also introduced a number of admitted signatures of Mr. Dees for the purpose of comparison. On the other hand, the defendants introduced four witnesses who testified that in their judgment the signature

was not that of S. H. Dees, and on the examination of these witnesses thirty cancelled checks signed by him, for the purpose of comparison with the signature in question were introduced. The ground specially relied on for reversal is stated in the bill of exceptions in these words:

"Be it remembered that upon the trial of this case checks numbered from 1 to 30, inclusive, referred to several times by witnesses herein, and the various signatures of S. H. Dees referred to by witnesses herein in mortgage books and bond books, were all permitted by the court to be examined by the jury, and compared to the signature to the note in controversy by the jury, and each of them, to which plaintiff at the time objected, and the objections were overruled by the court, to which ruling plaintiff excepted."

It is earnestly insisted that while the other signatures might properly be presented to the witnesses they should not have gone to the jury, and that the jury should simply have heard the testimony of the witnesses. Section 1649, Ky. Stats., provides:

"In any action, prosecution or proceeding, civil or criminal, which is now pending or may be commenced hereafter, upon a dispute as to the genuineness of the handwriting of a person, other handwritings of such person, though not in the case for any other purpose, may be introduced for the purpose of comparison by witnesses with the writing in dispute; and such writings and the testimony of witnesses respecting them, may be submitted to the court or jury as evidence concerning the genuineness of the writing in dispute."

This statute changed the common law rule in force in Kentucky before its enactment; it expressly provides that such writings and the testimony of witnesses respecting them may be submitted to the court or jury as evidence. Under the statute other handwritings of the person may not only be submitted to the witnesses but may be submitted to the jury as evidence concerning the genuineness of the writing in dispute. The circuit court properly so ruled.

While the weight of the evidence is with the plaintiff, it cannot be said that the verdict of the jury is pal-

pably against the evidence. The original note and the original papers introduced for comparison are not brought up. Such questions are peculiarly for the jury, who see and hear the witnesses and have the original papers before them.

Judgment affirmed.